UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

F.T.,

      **Plaintiff,**

v.                      **Case No: 6:26-cv-00848-PGB-LHP**

BEECH-NUT NUTRITION
COMPANY, GERBER
PRODUCTS COMPANY, HAIN
CELESTIAL GROUP, INC.,
NURTURE, LLC, PLUM, PBC,
THE CAMPBELL'S COMPANY,
SPROUT FOODS, INC.,
NEPTUNE WELLNESS
SOLUTIONS, INC. and
WALMART, INC.,

      **Defendants.**

_____/

**ORDER**

This cause comes before the Court upon jurisdictional review.

I.    **BACKGROUND**

On April 17, 2026, Plaintiff initiated this suit by filing the Complaint against Defendants Beech-Nut Nutrition Company; Gerber Products Company; Hain Celestial Group, Inc.; Nurture, LLC; Plum, PBC; The Campbell's Company; Sprout Foods, Inc.; Neptune Wellness Solutions, Inc.; and Walmart, Inc. (collectively, the "**Defendants**"). (Doc. 1 (the "**Complaint**")). Plaintiff is a minor and filed the Complaint through Plaintiff's parent and natural guardian. (*Id.* ¶ 6). Therein, Plaintiff asserts that Defendants, as "manufacturers and retailers of baby foods,

*knowingly* sold baby food products contaminated with dangerous levels of lead and arsenic" without warning consumers of such contamination, ultimately causing Plaintiff harm. (*Id.* ¶¶ 1, 6). As a result, Plaintiff brings causes of action against Defendants for strict products liability based upon a failure to warn theory (Count I), manufacturing defect theory (Count II), and design defect theory (Count III). (*Id.* ¶¶ 118–60). Plaintiff also brings causes of action against Defendants for negligent failure to warn (Count IV), negligent manufacturing (Count V), negligent product design (Count VI), and general negligence (Count VII). (*Id.* ¶¶ 158–250).

In the Complaint, Plaintiff asserts that the instant Court has subject matter jurisdiction over this action "pursuant to 28 U.S.C. § 1332" because "Plaintiff is a citizen of a state other than states where Defendants are citizens" and that "Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs." (*Id.* ¶ 21). In support of the complete diversity of the parties, Plaintiff alleges that she "was and is a resident and citizen of the State of Florida." (*Id.* ¶ 7). In addition to pleading allegations regarding the states of citizenship of the remaining Defendants, Plaintiff avers that:

(1)   Defendant Nurture, LLC ("**Nurture**") "is a citizen of Delaware and New York with its principal place of business located" at a specified address in New York; and

(2)   Defendant Neptune Wellness Solutions, Inc. ("**Neptune**") "is a citizen of Florida and Canada, with its primary place of business in the United States located" at a specified address in Florida.

2

(*Id.* ¶¶ 15, 19).

## II.   LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Further, a corporation is a citizen of any domestic state or foreign state where it is incorporated as well as the place where it has its principal place of business. § 1332(c)(1).

## III.   DISCUSSION

While the Complaint appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 1, ¶¶ 15,

3

19). Specifically, the Complaint asserts that Defendant Nurture is an LLC. (*E.g.*, *id.* ¶ 15). However, the Complaint fails to affirmatively allege the state(s) of citizenship of each of the members of Nurture. (*See generally* Doc. 1). Thus, the Court cannot ascertain the state(s) of Nurture's citizenship for diversity purposes. *See Rolling Greens*, 374 F.3d at 1022. Notably, the Complaint also affirmatively alleges that Defendant Neptune is—like Plaintiff—"a citizen of Florida." (*Id.* ¶¶ 7, 19). If true, this destroys the complete diversity required for the Court to exercise subject matter jurisdiction over this action. *See Lincoln Prop.*, 546 U.S. at 89. As a result, repleader is required to cure these jurisdictional defects, assuming they can be cured consistent with counsel's obligations under Federal Rule of Civil Procedure 11.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      On or before **May 7, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 23, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5