# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**F.T.,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　**Case No: 6:26-cv-00848-PGB-LHP**

**BEECH-NUT NUTRITION COMPANY, GERBER PRODUCTS COMPANY, HAIN CELESTIAL GROUP, INC., NURTURE, LLC, PLUM, PBC, THE CAMPBELL'S COMPANY, SPROUT FOODS, INC., NEPTUNE WELLNESS SOLUTIONS, INC. and WALMART, INC.,**

       **Defendants.**
_____/

## ORDER

This cause comes before the Court on a periodic review of the file.

On May 29, 2026, the United States Judicial Panel on Multidistrict Litigation ("**JPML**") entered a Conditional Transfer Order on the docket in this action. (Doc. 13). Therein, the JPML notes that the instant case shares common questions of fact with dozens of cases that have previously been transferred to United States District Judge Jacqueline Scott Corley in the Northern District of California for coordinated or consolidated pretrial proceedings under 28 U.S.C. §

1407 (the "**MDL**"). (*Id.* at p. 1). Accordingly, this action has been conditionally transferred to the MDL. (*Id.*).

District courts have broad discretion to determine whether to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, district courts "routinely" stay actions pending transfer decisions by Multidistrict Litigation panels. *Stanton v. Wells Fargo & Co.*, No. 8:16-cv-3318-T-36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017); *see also Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (noting that "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML" and explaining that this "increase[s] efficiency and consistency" (first citing *Republic of Venez. v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999); then quoting *Manual for Complex Litigation* § 22.35 (4th ed. 2004))). Thus, upon consideration of the circumstances, the Court finds that a temporary stay of this matter until the JPML reaches a final decision on whether it should be transferred to the MDL will advance the causes of "efficiency and consistency." *Bonenfant*, 2007 WL 2409980, at *1 (citations omitted).

Accordingly, this case is hereby **STAYED** pending the JPML's final decision regarding the transfer of this action to the MDL for pre-trial proceedings. Plaintiff shall file a status report upon receiving the final decision from the JPML regarding such transfer. The Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Orlando, Florida on June 1, 2026.

2

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3